UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELISE KAHN,**

    **Plaintiff,**

v.                                                CASE NO. 3:06-cv-731-J-16TEM

**AMERICAN HERITAGE LIFE INSURANCE
COMPANY, ALLSTATE FINANCIAL
CORPORATION, ALLSTATE INSURANCE
COMPANY and THE ALLSTATE CORPORATION,**

    **Defendants.**
_____/

**O R D E R**

Before the Court is Defendants' Motion to Dismiss (Dkt. #10) filed August 29, 2006. Plaintiff filed a Response on September 18, 2006 (Dkt #14).

**I.  Background**

This case originated in the Court of Common Pleas, Bucks County, Pennsylvania on March 15, 2006 by the filing of a complaint alleging that Defendants retaliated against Plaintiff for conduct that was protected by the Pennsylvania Human Relations Act (PHRA), 43 Pa Cons. Stat. Ann. §955(d). Defendants removed this action to the United States District Court for the Eastern District of Pennsylvania under diversity jurisdiction. Defendants filed a Motion to Dismiss in the Eastern District under Fed. R. Civ. Proc 12(b)(6) in which they also argue that the proper forum is Duval County, Florida as is specified in a forum selection clause of the contract between the parties. On June 29, 2006, the Court for the Eastern District of Pennsylvania agreed with the Defendant as to the selection of forum and transferred this case to the Middle District of Florida, Jacksonville Division, which is located in Duval County, Florida thereby satisfying the forum selection clause

of the contract.

Plaintiff, in her complaint, alleges that she began working for one of the Defendants, American Heritage Life Insurance Company (AHL), in December 2000 to sell Defendant AHL's insurance products. Plaintiff was cultivating a relationship with the Philadelphia Federal Credit Union (PFCU) in July 2001 which could prove to be a lucrative association. A few months later, Plaintiff alleges that her immediate supervisor and the Regional Director made derogatory comments about women and especially women of Plaintiff's religious background. About this same time, Plaintiff alleges that she was told that her compensation was to be reduced. In January 2002, another agent, a male, was assigned to close the PFCU account thereby eliminating Plaintiff from receiving any compensation from this account. Plaintiff complained to the superiors at AHL and consulted an attorney who wrote a letter on her behalf alleging among other things, gender discrimination. On January 29, 2002 Plaintiff's appointment with AHL was terminated.

In April 2002, Plaintiff filed a first complaint with the Pennsylvania Human Relation Commission alleging gender discrimination and retaliation. Shortly thereafter, Plaintiff received two letters from AHL demanding repayment of an advance/draw that Plaintiff received during her tenure with AHL. Plaintiff did not respond to these letters and the matter was referred for collection. Plaintiff received several letters demanding repayment of the AHL advances, one dated August 6, 2003 to which she responded by refusing to pay and demanding them to cease all further communication with her. Plaintiff received two additional letters thereafter.

In September 2003, Plaintiff filed a second complaint with the PHRC alleging additional retaliation. No further letters regarding the collection of the advance/draw were received by Plaintiff after the filing of the second complaint.

On March 18, 2004, Plaintiff received a closure letter from the PHRC regarding the first complaint. Plaintiff brought an action in the United States District Court for the Eastern District of Pennsvlvnia which resulted in an Order granting Defendants' Motion to Dismiss finding that Plaintiff was an independent contractor and therefore not entitled to protection under Title VII, and declining to exercise supplemental jurisdiction over Plaintiff's state law claims. See Kahn v. American Heritage Life Insurance Co., 324 F. Supp.2d 652 (E.D. Pa. 2004). In said Order, the Court made reference to the forum selection clause and suggested that if Plaintiff elected to refile, she may wish to do so in the specified forum. Apparently, Plainiff chose to follow that suggestion and filed a complaint in the Fourth Judicial Circuit in and for Duval County, Florida, which we believe is still pending.

On February 25, 2005, Plaintiff received a closure letter from the PHRC regarding the second complaint. Plaintiff then initiated this action alleging that Defendants' actions constituted unlawful retaliation against her for engaging in protected activity pursuant to the PHRA.

After removal to the United States District Court for the Middle District of Florida, the Defendants filed this Motion to Dismiss for failure to state a claim upon which relief can be granted.

**II.    Standard of Review**

To prevail on a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Defendant must show beyond all doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Luckey v. Harris, 860 F.2d 1012, 1016 (11th Cir. 1988). At the motion to dismiss stage, this Court is required to accept all of the Plaintiff's well-pleaded facts as true, and all reasonable

inferences are to be construed in the light most favorable to the Plaintiff. See, e.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274, n.1 (11th Cir. 1999); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). The Court is not required, however, to accept unsupported legal conclusions as true for purposes of a motion to dismiss, or to read facts into the Complaint which are not properly pled by the Plaintiff. See Gomer v. Philip Morris Inc., 106 F. Supp. 2d 1262, 1268 (M.D. Ala. 2000); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

## III.  Discussion

Defendants allege that Plaintiff is not covered by the Pennsylvania Human Relations Act (PHRA), 43 Pa Cons. Stat. Ann. §955(d), because as an insurance agent, she was an independent contractor. In a review of who is covered by the PHRA, independent contractor is defined as follows:

> includes any person who is subject to the provisions governing any of the professions and occupations regulated by State licensing laws enforced by the Bureau of Professional and Occupational Affairs in the Department of State or is included in the Fair Housing Act (Public Law 90-284, 42 U.S.C. §3601 et seq.)

Insurance agent is not one of the professions or occupations regulated by the Bureau of Professional and Occupational Affairs in the Department of State of Pennsylvania, see 63 Pa. Cons. Stat. Ann §1061 and in fact, the only mention of any profession or occupation dealing with insurance is that of insurance adjuster and the definition of insurance adjuster specifically states that it does not include an agent or employee of an insurance company . . .

Additionally, this issue has already been decided in Kahn v. American Heritage Life Insurance Company, et al, *supra.* a case filed in the United States District Court for the Eastern District of Pennsylvania after Plaintiff received her first closure letter from the Pennsylvania Human Rights Commission. In Kahn I, the Court found that the parties entered into an agent contract that

4

specifically characterized the parties relationship as an independent contractor relationship and not an employer-employee relationship. The Court went on to conclude that the Plaintiff, Elise Kahn, did not meet the burden of establishing that she was an employee of the defendant companies instead of an independent contractor.

Defendants also cite Velocity Express v. Pennsylvania Human Rights Commission, 853 A.2d 1182 (2004), in support of their assertion that their Motion to Dismiss should be granted because the Plaintiff falls within the definition of independent contractor. In a reading of Velocity, the court there came to a similar determination that an independent contractor was not covered by the provisions of the PHRA.

The Plaintiff has alleged no additional facts that would lead this Court to disagree with the ruling in Kahn I. Indeed, since the only difference in the case at hand is the alleged misconduct, with the parties being identical, this Court finds that the Plaintiff is an independent contractor and not covered by the provisions of the Pennsylvania Human Rights Act.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss Count is **GRANTED**.

**DONE AND ORDERED**, at Jacksonville, Florida, this 3rd day of October, 2006

_____
JOHN H. MOORE II
United States District Judge

.

Copies to:    Counsel of Record